# IN THE COURT OF APPEALS OF IOWA

No. 22-0767
Filed November 17, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JEFFREY BLAKE PALMER,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        Jeffrey Palmer appeals the sentence imposed for convictions of possession

of controlled substances.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Jeffrey Palmer appeals the fines imposed as part of his sentence.[1] Pursuant to a plea agreement, on February 18, 2022, Palmer pleaded guilty to possession of methamphetamine with intent to deliver, a class "C" felony, and possession of marijuana with intent to deliver, a class "D" felony. Also on February 18, a written "memorandum of plea agreement" signed by Palmer and his attorney was filed with the court. The State agreed to dismiss one count and not to pursue a sentencing enhancement. Sentencing was open, with the State free to "make any recommendations at sentencing" and a provision for Palmer's restitution order. The court accepted Palmer's guilty pleas.

"We review sentences imposed in a criminal case for correction of errors at law." *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022). "Sentencing decisions that fall within the statutory limits are 'cloaked with a strong presumption in [their] favor.'" *Id.* (alteration in original) (citation omitted). "Absent 'an abuse of discretion or some defect in the sentencing procedure,' we will not reverse a sentence." *Id.* (citation omitted).

Palmer alleges the sentencing court did not explain its reasons for imposing the minimum fines instead of suspending them, asserting the district court should have to create additional record if imposing fines or suspending them.

A district court's sentencing discretion "includes the authority to defer or suspend a fine." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995); *see State v.*

---

[1] Because Palmer is challenging his sentence, he has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98,105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

*Lee*, 561 N.W.2d 353, 355 (Iowa 1997) (vacating a fine imposed when the court "erroneously believe[d] it had no discretion" and remanding for resentencing). "All that is required of the district court is its consideration and weighing of pertinent sentencing matters, . . . and the 'court is not required to give its reasons for rejecting particular sentencing options.'" *State v. Smith*, No. 21-0400, 2022 WL 244498, at *4 (Iowa Ct. App. Jan. 27, 2022) (quoting *Loyd*, 530 N.W.2d at 713–14).

At the sentencing hearing, the State recommended concurrent prison sentences and the imposition of statutory minimum fines. The court then verified what the statutory minimum fine for each offense was, correcting a misstatement in the plea agreement with respect to the minimum fine for the class "C" felony. Palmer requested suspended sentences and probation, or concurrent sentences if incarcerated. Palmer did not request the statutory fines be suspended. The presentence investigation (PSI) made no recommendation as to fines. The court imposed concurrent prison sentences and statutory minimum fines of $1000 and $855 for the two offenses; it did not suspend any of the sentence. The court stated its reasons for the sentence imposed:

> The court has heard the statements of counsel and has reviewed the PSI in this matter. The court notes that the defendant has a prior criminal history that appears to be largely drug-related. However, the court notes that there is a firearm offense in his criminal history, which the court takes quite seriously.
> The PSI author recommends incarceration in this matter. The State recommends incarceration. The defense requests probation. The court, in this case, feels that the defendant would benefit from the services that would be available in a more restrictive environment.
> For those reasons, the court takes—and taking into consideration the recommendations of the PSI author, the defendant's needs as set forth in the PSI, the nature of this offense,

and his criminal history, the court believes that a term of incarceration is appropriate in this matter.

When discussing whether to order discretionary category "B" restitution, *see* Iowa Code §§ 910.1(2) (defining category "B" restitution), .2(1)(a)(2) (stating "[c]ategory "B" restitution shall be ordered subject to an offender's reasonable ability to make payments pursuant to section 910.2A"), Palmer's counsel indicated he did not have the capacity to make such payment but again did not suggest suspending Palmer's fines.

The court considered and gave reasons for the sentence imposed, which includes the statutory minimum fines. The court was not required to give its reasons for deciding not to suspend his fines—an alternative Palmer did not request. We find Palmer has failed to overcome the presumption of validity of his sentence and affirm.

**AFFIRMED.**